ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@dgdk.com*
MICHAEL G. D'ALBA (State Bar No. 264403)
*mdalba@dgdk.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Brad D. Krasnoff,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>PETER CLARENCE ALEXIS, JR.,<br><br>Debtor. | Case No. 2:18-bk-18296-VZ<br><br>Chapter 7 |
| BRAD D. KRASNOFF, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHANIE ALEXIS BROURGOUS,<br><br>Defendant. | Adv. No. 2:19-ap-<br><br>**COMPLAINT TO AVOID VOIDABLE TRANSACTION AND FOR TURNOVER**<br><br>Date: SEE SUMMONS<br>Time: SEE SUMMONS<br>Place: SEE SUMMONS |

Plaintiff Brad D. Krasnoff, solely in his capacity as the Chapter 7 trustee (the "Trustee" or the "Plaintiff") of the bankruptcy estate of Peter Clarence Alexis, Jr. (the "Debtor"), alleges as follows:

**JURISDICTION AND CASE BACKGROUND**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is commenced pursuant to 11 U.S.C. §§ 542, 544, 548, and 550, and other applicable law. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). This action arises in or under a case under Chapter 7 of title 11 of the United States Code

entitled In re Peter Clarence Alexis, Jr., which has been assigned number 2:18-bk-18296-VZ and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "Bankruptcy Case"). Plaintiff consents to the entry in this action of final orders or judgment by the Bankruptcy Court.

**THE PARTIES**

2. Plaintiff brings this action solely in his capacity as the Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Defendant Stephanie Alexis Brourgous ("Brourgous") is an individual residing in the County of San Bernardino, State of California.

**GENERAL ALLEGATIONS**

4. Peter Clarence Alexis, Jr., the Debtor herein (the "Debtor"), and Brourgous were married.

5. Plaintiff is informed and believes, and based thereon alleges, that the community property of the Debtor and Brourgous included the entire interest in the parcel of real property more commonly known as 10716 Joshua Street, Adelanto, California (the "Adelanto Property").

6. On or about August 25, 2014, Brourgous commenced a dissolution action in the Superior Court of California, County of San Bernardino, which was assigned case no. FAMVS1402375 (the "Dissolution Action").

7. On February 1, 2016, the Superior Court handling the Dissolution Action approved a stipulation (the "Property Division") between the Debtor and Brourgous by which the Adelanto Property was transferred to Brourgous.

8. On or about March 16, 2018, the Debtor executed a Quitclaim Deed before a Notary Public by which the Debtor transferred the Adelanto Property to Brourgous (the "Quitclaim Deed"). The Quitclaim Deed does not appear of record in San Bernardino County.

9. On or about July 19, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Code"), case no. 2:18-bk-18296-VZ (the "Bankruptcy Case").

10. Brad D. Krasnoff was subsequently appointed as the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity for the benefit of creditors.

11. Plaintiff is informed and believes, and based thereon alleges, that the transfer of the Adelanto Property pursuant to the Quitclaim Deed and Property Division was made to or for the benefit of Brourgous, within four years of the Petition Date (the "Subject Transfer").

12. Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims that are allowable under § 502 of the Code or that are not allowable only under § 502(e) of the Code, which could have avoided the Subject Transfer under applicable law.

**FIRST CLAIM FOR RELIEF**

(To Avoid and Recover Voidable Transfer)

13. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. The Subject Transfer transferred an interest of the Debtor in property to or for the benefit of Brourgous.

15. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Subject Transfer with the actual intent to hinder, delay, or defraud one or more of his creditors.

16. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(a), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

17. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Brourgous the Adelanto Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

**SECOND CLAIM FOR RELIEF**

(To Avoid and Recover Voidable Transfer)

18. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 12, inclusive, as though fully set forth herein.

19. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfer.

20. Plaintiff is informed and believes, and based thereon alleges, that at the time the Subject Transfer was made, the Debtor was either insolvent or became insolvent as a result of the Subject Transfer.

21. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.05, and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

22. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Brourgous the Adelanto Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

**THIRD CLAIM FOR RELIEF**

(To Avoid and Recover Voidable Transfer)

23. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 12, inclusive, and paragraph 19, as though fully set forth herein.

24. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which his remaining assets were an unreasonably small capital.

25. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(b)(1), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

26. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Brourgous the Adelanto Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

**FOURTH CLAIM FOR RELIEF**

(To Avoid and Recover Fraudulent Transfers)

27. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 12, inclusive, and paragraph 19, as though fully set forth herein.

28. Plaintiff is informed and believes, and based thereon alleges, that the Debtor intended to incur, or believed or reasonably should have believed, that he would incur debts that would be beyond his ability to pay as such debts matured.

29. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(b)(2), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

30. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Brourgous the Adelanto Property or the value thereof in a sum according to proof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

**FIFTH CLAIM FOR RELIEF**

(For Turnover)

31. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. The Adelanto Property constitutes property of the Debtor's bankruptcy estate.

33. Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to the turnover by Brourgous of the Adelanto Property.

**WHEREFORE**, Plaintiff prays for judgment against Brourgous as follows:

**ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:**

1. For judgment in favor of Plaintiff and against Brourgous avoiding the Subject Transfers;

2. Awarding the Adelanto Property or the value thereof according to proof in favor of Plaintiff and against Brourgous; and

3. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of the Subject Transfer.

**ON THE FIFTH CLAIM FOR RELIEF:**

4. For a judgment directing Brourgous to turn over possession of the Adelanto Property to Plaintiff.

**ON ALL CLAIMS FOR RELIEF:**

5. For costs of suit incurred; and

6. For such other relief as the Court deems just and proper.

DATED: April 30, 2019

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: /s/ Michael G. D'Alba
MICHAEL G. D'ALBA
Attorneys for Plaintiff Brad D. Krasnoff, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BRAD D. KRASNOFF, Chapter 7 Trustee | **DEFENDANTS**<br>STEPHANIE ALEXIS BROURGOUS |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>MICHAEL G. D'ALBA mdalba@dgdk.com<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>1900 Avenue of the Stars, 11th Floor, Los Angeles, California<br>Tel. (310) 277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

AVOID VOIDABLE TRANSACTION 11 U.S.C. SECTION 544; AND FOR TURNOVER 11 U.S.C. SECTION 542

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [2] 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>PETER CLARENCE ALEXIS, JR. | BANKRUPTCY CASE NO.<br>2:18-bk-18296-VZ | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. VINCENT P. ZURZOLO |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Michael G. D'Alba | | |
| DATE<br>April 30, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>MICHAEL G. D'ALBA | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.